UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>  v.<br><br>ENSEMBLE HOTEL PARTNERS, LLC,<br><br>    Defendant. | Case No. 19-cv-01844-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 15 |

## I.  BACKGROUND

Plaintiff Peter Strojnik, Sr. filed this disability rights action, claiming that he is a disabled individual and was denied full and equal access to the facilities and services at a hotel in Santa Cruz, California. Defendant is Ensemble Hotel Partners, LLC dba Dream Inn Santa Cruz ("Hotel Partners").[1] Mr. Strojnik claims that booking websites did not describe accessibility features and guest rooms in sufficient detail and did not permit reservations to be made in the same manner as reservations for individuals who do not require accessible rooms. Dkt. No. 1. Mr. Strojnik also alleges the existence of accessibility barriers in various places at the hotel, including the pool, bar, and guestroom accommodations. *Id.* He asserts claims for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and corresponding regulations, the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52, and the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3. Mr. Strojnik also asserts a claim for negligence based on

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

allegations that Hotel Partners lost his car keys during his stay at the hotel.

Hotel Partners answered the complaint and asserted various affirmative defenses, as well as a counterclaim for breach of contract. Dkt. No. 11. In its counterclaim, Hotel Partners alleges that by filing the present lawsuit, Mr. Strojnik breached a March 19, 2019 settlement agreement that resolved a different disability access lawsuit Mr. Strojnik filed earlier this year in the Central District of California, *Strojnik v. Hyatt Hotels Corp. dba Hyatt Place Pasadena*, Case No. CV19-1148-PS (ASx) ("Hyatt Action"). Hotel Partners claims that it entered into the settlement agreement with Mr. Strojnik in the Hyatt Action. *Id*. at 12. According to paragraph 5 of the counterclaim:

> In the Agreement in the Hyatt Action, Strojnik **released Ensemble Investments, LLC** and its "past and present" "representatives", "partners", "third-party vendors", "affiliates" "assigns, agents, independent contractors" and "joint ventures" "**from all liabilities**, causes of actions . . . complaints, suits, claims, obligations, costs, **losses, damages**, rights, judgments, attorneys' fees, expenses, . . . penalties . . . and all other legal responsibilities of any form whatsoever, whether known or unknown, **presently existing or arising in the future** . . . including those arising under any theory of law, whether common, . . . statutory or other, of any jurisdiction . . . which they/now have, ever had or may claim to have against any of them, **including, without limitation, those arising out of or relating to . . . any acts or omissions by the releasing parties occurring, or conditions existing, prior to the [March 19, 2019] Effective Date.**

*Id*. at 12-13 (alterations and ellipses in original). Hotel Partners says that after the present lawsuit was filed, it informed Mr. Strojnik that this action is covered by the prior settlement agreement, but Mr. Strojnik refused to dismiss his claims. *Id*. at 13

Mr. Strojnik now moves to dismiss Hotel Partners's counterclaim for lack of subject matter jurisdiction and for failure to state a claim for relief.[2] He contends that the Court lacks supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367 because the counterclaim has no relation whatsoever to the claims he asserts in this case. Additionally, Mr. Strojnik argues

---

[2] The motion before the Court is an amended one. Hotel Partners claims that the original motion (Dkt. No. 13) appended an inaccurate version of the subject settlement agreement. Additionally, Hotel Partners says that the agreement is confidential. Mr. Strojnik withdrew his original motion. Dkt. No. 15. Although Hotel Partners has not requested sealing with respect to the settlement agreement appended to Mr. Strojnik's original motion, the Court will seal the docket entry for that motion.

2

1  that Hotel Partners has no standing to assert a claim based on the prior settlement agreement
2  because Hotel Partners is not a party to, or a third-party beneficiary of, that agreement. Hotel
3  Partners opposes the motion. The Court previously advised that the motion was deemed suitable
4  for determination without oral argument pursuant to Civil Local Rule 7-1(b). Dkt. No. 22. Upon
5  consideration of the moving and responding papers, the Court grants Mr. Strojnik's motion to
6  dismiss.

**II.  DISCUSSION**

The parties cite virtually no legal authority in support of their respective arguments. Nevertheless, the Court observes that for motions to dismiss counterclaims, the same standards that apply to a complaint also apply to counterclaims. *Rescap Liquidating Trust v. First California Mortgage Co.*, No. 18-cv-03283-WHO, 2019 WL 402318, at *2 (N.D. Cal. Jan. 31, 2019) (citation omitted). Although Mr. Strojnik does not say so expressly, his motion is one brought pursuant to Rules 12(b)(1) and 12(b)(6). The Court first addresses Mr. Strojnik's arguments under Rule 12(b)(1) pertaining to subject matter jurisdiction. For the reasons discussed below, the Court concludes that Hotel Partners fails to establish that this Court has supplemental jurisdiction over the counterclaim.

Federal district courts have original jurisdiction over civil actions that either "aris[e] under the Constitution, laws, or treaties of the United States" or where complete diversity of jurisdiction exists and the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Here, the Court has original jurisdiction over Mr. Strojnik's ADA claim because that claim arises under federal law. On the record presented it is not apparent that diversity jurisdiction exists; and, in any event, neither side has invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. Thus, the Court concludes that it does not have original jurisdiction over Hotel Partners' counterclaim.

Pursuant to 28 U.S.C. § 1367, the Court may nonetheless exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. § 1367(a). Relevant to the discussion here, counterclaims may be compulsory or permissive. Fed. R. Civ. P. 13(a), (b). "A counterclaim is compulsory 'if it arises

3

out of the transaction or occurrence that is the subject matter of the opposing party's claim' and 'does not require adding another party over whom the court cannot acquire jurisdiction.'" *Moore v. Pflug Pkg. & Fulfillment, Inc.*, No. 17-cv-05823-YGR, 2018 WL 2430903, at *3 (N.D. Cal. May 30, 2018) (quoting Rule 13(a)(1)(A)-(B)); *see also Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013) (same). "In determining if the counterclaim is compulsory, the Ninth Circuit applies a 'logical relationship test,' where the court 'analyze[s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Campos v. Western Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1167 (N.D. Cal. 2005) (quoting *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir.1987)); *see also Moore*, 2018 WL 2430903 at *3 (same). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Mattel, Inc.*, 705 F.3d at 1110. Courts are required to read the "transaction or occurrence" component liberally, and should consider whether there is substantial overlap between the facts necessary to prove the claim and counterclaim. *Moore*, 2018 WL 2430903 at *3. "If a counterclaim is compulsory, it is inherently part of the same case or controversy and will always invoke supplemental jurisdiction." *Id*. at *3 (internal quotations and citation omitted); *see also Campos*, 404 F. Supp. 2d at 1167 ("[C]ompulsory counterclaims by definition form party of the same case or controversy since they arise out of the same transaction or occurrence and, therefore, supplemental jurisdiction over compulsory counterclaims is proper.") (internal quotations and citation omitted).

A counterclaim that is not compulsory is permissive. Fed. R. Civ. P. 13(b). Traditionally, "federal courts did not have jurisdiction over permissive counterclaims absent an independent basis for federal subject matter jurisdiction." *Campos*, 404 F. Supp. 2d at 1167. Some courts, including the Second and Seventh Circuits, and some district courts within this circuit, have concluded that "[t]he test for supplemental jurisdiction under Section 1367 appears to be broad enough to encompass some permissive counterclaims." *Id*.

1    Hotel Partners has offered no argument as to whether its counterclaim is compulsory,
2  except to say that it operates the subject hotel in this action and that the Hyatt Action is a
3  "practically . . . identical lawsuit." Dkt. No. 18 at 2. Although Mr. Strojnik may have asserted the
4  same types of claims under the same statutes, his allegations in the present action appear to
5  concern a different hotel than the one at issue in the Hyatt Action. Moreover, Hotel Partners's
6  counterclaim does not sufficiently allege facts establishing that the settlement agreement released
7  Hotel Partners, or that Hotel Partners properly may assert a claim for breach of that agreement.
8  Indeed, the counterclaim states that the settlement agreement released an entity called "Ensemble
9  Investments, LLC." Dkt. No. 11 at 12. In its opposition brief, Hotel Partners claims that it is
10 owned by Ensemble Investments LLC. Dkt. No. 18 at 2. Even assuming that assertion is true,
11 Hotel Partners's counterclaim contains no such allegation or any facts establishing whether and
12 how Hotel Partners and the present action fall within the parties and matters reportedly released by
13 the prior settlement agreement.

14  Accordingly, on the record presented, the Court finds no basis to conclude that Hotel Partners's counterclaim is so related to the claims in this action falling within the Court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Mr. Strojnik's motion to dismiss the counterclaim for lack of subject matter jurisdiction is granted. To the extent Hotel Partners believes that, consistent with its obligations under Rule 11, it can remedy the defects identified in this order, it may amend its counterclaim.

**III. CONCLUSION**

Based on the foregoing, the Court grants Mr. Strojnik's motion to dismiss Hotel Partners's counterclaim with leave to amend. If Hotel Partners chooses to amend, its amended counterclaim shall be filed by **November 13, 2019**. Mr. Strojnik's response to any such amended counterclaim shall be filed by **November 27, 2019**.

**IT IS SO ORDERED.**

Dated: October 30, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge